DIXON, C.J., CALOGERO & WATSON, JJ.,
concur in the denial for the following reasons:
It is true that the jury argument on the sentencing phase is brief and would appear to be ineffective. That argument was effectively terminated by the trial judge, who had heard the argument earlier on the guilt phase.
On the guilt phase defendant’s lawyers had argued vigorously that, at most, the case against defendant was close, and that a close case is not an appropriate case for the death penalty. Defendant’s lawyers specifically pleaded for defendant’s life in the guilt phase.
The record does not disclose any interruption between the verdict on the guilt phase and the argument on the penalty phase of the trial. The plea for defendant’s- life should have been fresh in the minds of the jurors. There is no sign of lawyer indifference to the capital verdict. Defendant was not abandoned to the jury with no defense to the death penalty. Although counsel did not succeed, it does not appear that the quality of defense in counsels’ efforts before the jury was below constitutional standards.